```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

___

SUZY MARIE ROOK,

    Plaintiff,

vs.                                      No. 07-2505-JDB/sta

HARRAH'S ENTERTAINMENT INC.,

    Defendant.

___

ORDER OF DISMISSAL
AND
ORDER ASSESSING APPELLATE FILING FEE
___

On July 27, 2007, Plaintiff Rook filed a complaint for racial discrimination. By order entered July 31, 2007, the Court directed Plaintiff to amend her complaint to demonstrate that she had exhausted her administrative remedies and to allege how she was treated differently than similarly-situated non-minority employees. The Court ordered Plaintiff to file the amended complaint within twenty (20) days. The Court's order stated:

> A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety.

Plaintiff did not file an amended complaint within twenty (20) days of the entry of the Court's order. A <u>pro se</u> plaintiff's complaint may be dismissed when the plaintiff has been directed to comply with a court order and has been given notice that dismissal will be the penalty for failure to comply. <u>Jourdan v. Jabe</u>, 951

F.2d 108, 110 (6th Cir. 1991) (holding that dismissal is appropriate when a party fails to comply with readily comprehensible instructions in court order); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). Pursuant to Rule 41(b), Plaintiff's complaint is dismissed with prejudice for failure to prosecute and failure to comply with the order of the Court.

As the complaint is being dismissed because Plaintiff plainly failed to comply with the Court's order, there is no basis for any appeal in this matter. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997); Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997).

By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiff fails to comply with the

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

above assessment of the appellate filing fee within thirty (30) days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

    IT IS SO ORDERED this 29th day of October, 2007.

                                    s/J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE

---

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.